UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| Tonisha Shonta Watkins | ) CASE NO. 17-58772-LRC |
| | ) |
| | ) |
| DEBTOR. | ) |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

COMES NOW Adam M. Goodman, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

2. The Debtor has failed to maintain payments into this case as required by 11 U.S.C. Section 1326.

3. The Debtor has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

4. The Debtor has failed to provide sufficient pay advice information for the Trustee to determine whether the Debtor's plan provides for the appropriate applicable commitment period. 11 U.S.C. Sections 521(a)(1)(B)(iv), 1325(a)(3), and 1325(b)(4).

5. Schedule C reflects an exemption of $70,000.00 for Debtor's Teacher's Retirement, pursuant to O.C.G.A. Sections 47-2-32 and 18-4-22. The Trustee objects to the claimed exemption as the Georgia Code section cited is not applicable in bankruptcy. Trustee further objects to the exemption claimed pursuant to O.C.G.A. Section 44-13-100(a)(2)(E), as O.C.G.A. Section 44-13-100(a)(2)(E) only allows exemption in payments from a pension or annuity, not funds held within such an account.

6. The Plan and/or Rule 2016(b) Disclosure Statement fail to contain provisions regarding Debtor's attorney's fees that comport with the specificity requirements of General Order No. 18-2015.

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

7. The Chapter 13 Plan fails to provide complete information on the treatment of the claim of Consumer Portfolio (step dates in disbursement are unclear), preventing the Trustee from properly administering the plan.

8. Debtor's Schedule I fails to accurately reflect that, pursuant to Debtor's testimony, Debtor has no retirement loan; thereby preventing the Chapter 13 Trustee from determining the feasibility of the proposed Plan, in violation of 11 U.S.C. Section 1325 (a)(6). Debtor is repaying her employer for wages paid to her after she resigned as a coach earlier this year but, pursuant to Debtor's testimony, these payments end in July. Debtor's Schedule I and Plan should be amended to show this expense no longer exists. 11 U.S.C. Sections 1325(a)(3) and 1325(b).

9. The Debtor's Chapter 13 zero percent (0%) composition Plan proposes to pay an automobile debt of $41,740.77 in a household where just one (1) person is employed full-time. As the auto debt represents a majority of the debt to be funded in the Plan, and there is no meaningful return to the unsecured creditors, it appears that the Debtor is attempting to refinance an auto purchase through the Chapter 13 Plan; thereby, indicating a lack of good faith in proposing the instant repayment Plan. The Debtor is contributing an excessive amount of disposable income toward the automobile debt, in violation of 11 U.S.C. Sections 1325(a)(3), 1325 (b)(1)(B), and 1325(a)(7).

10. Pursuant to Debtor's testimony, the monthly deduction for vehicle insurance is $320.00 not $500.00 as reflected on Schedule J, so that the Debtor has $180.00 in additional disposable income to contribute to the plan, in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

11. The above-styled Debtor received a Chapter 7 discharge on June 12, 2013 in case number 13-52750 filed February 8, 2013; thereby, indicating a lack of good faith in proposing a zero percent (0%) composition Plan, 11 U.S.C. Section 1325(a)(3).

12. Pursuant to information received from the Internal Revenue Service, 2016 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

13. The Plan should be amended to include a provision that, "Any federal tax refunds the Debtor is entitled to receive during the applicable commitment period shall be paid into the Debtor's Chapter 13 case. Further, the Debtor authorizes and instructs the Internal Revenue Service to send any refund for said years directly to the Debtor's Chapter 13 Trustee. Upon written request to the Chapter 13 Trustee, the Debtor may retain up to $1,500.00 of a tax refund without a motion being filed." 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

14. Pursuant to information obtained at the meeting of creditors, the debt owed to Consumer Portfolio was incurred outside 910 days of filing. The claim is improperly classified in the plan. 11 U.S.C. Section 1325(a)(5).

15. Paragraph 2 and Paragraph 10(C) are inconsistent regarding the amount of the Plan payments beginning July of 2020. The Debtor's Plan should be amended to clarify the ongoing payments. The Trustee also questions whether the Plan was filed in good faith, as the Debtor proposes to subsidize the education of Debtor's adult child, while paying zero percent (0%) to unsecured creditors. 11 U.S.C. Section 1325(a)(3).

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ Jonathan S. Adams
Jonathan S. Adams
GA Bar No. 979073
Attorney for Chapter 13 Trustee

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| Tonisha Shonta Watkins | ) | |
| | ) | CASE NO.: 17-58772-LRC |
| | ) | |
| DEBTOR. | ) | |

17-58772-LRC    **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

DEBTOR(S):
Tonisha Shonta Watkins
5480 Panola Downs Road
Lithonia, GA 30058

DEBTOR(S) ATTORNEY:
Galler Law, LLC
P. O. Box 2118
Roswell, GA 30077

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Wednesday, June 28, 2017

/s/
Jonathan S. Adams
GA Bar No. 979073
Attorney for Adam M. Goodman, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:   678-510-1450