UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TONISHA SHONTA WATKINS,** | ) | CASE NO. **17-58772-LRC** |
| | ) | |
| DEBTOR. | ) | CHAPTER 13 |

### CHAPTER 13 TRUSTEE'S RESPONSE TO DEBTOR'S
### MOTION FOR RECONSIDERATION

COMES NOW Melissa J. Davey, Standing Chapter 13 Trustee in the above-styled case, and files this Response to Debtor's Motion, and respectfully shows the Court the following:

1.

This case was filed on May 16, 2017, and the Plan was not confirmed. The case was dismissed on November 2, 2017 at the reset confirmation hearing. Trustee had filed a written *Objection to Confirmation and Motion to Dismiss* on June 28, 2017 (Doc. No. 16). Some of Trustee's Objections, including full funding of the Plan and the term of the Plan extending beyond sixty months, were outstanding as of the November 2, 2017 hearing, and neither Debtor nor Debtor's counsel appeared. The undersigned has reviewed his records and did not receive correspondence such as email or voicemail from Debtor's counsel in anticipation of this Court's November 2, 2017 calendar. Before dismissal of the case, the Plan provided for payments of $825.00 per month, a thirty-six (36) month applicable commitment period, and a 100% dividend for unsecured creditors.

2.

On November 10, 2017, Debtor filed a *Motion for Reconsideration* (Doc. No. 29)(" Motion"). The Motion is a request for the Court to reconsider the dismissal order in this case. The Motion indicates Debtor recently paid $325.00 and will continue to make Plan payments. As of the date of this Response, Trustee has received one payment of $650.00 since the dismissal order was entered.

3.

As a Bankruptcy Court in the Northern District of Georgia has noted, the goal of the provision of the Federal Rules of Bankruptcy Procedure that grants a bankruptcy court the power to reconsider orders "is limited to the correction of any manifest errors of law or misapprehensions of fact." *Condor One v. Homestead Partners (In re Homestead Partners)*, 201 B.R. 1014, 1017 (Bankr. N.D. Ga. 1996), 1996 Bankr. LEXIS 1355, at *7. Another Bankruptcy Court in this district has written that "[m]otions for reconsideration should not be used to relitigate issues already decided" or to "raise arguments which were or could have been raised before judgment was issued." *Britt's Home Furnishing, Inc. v. Hollowell (In re Hollowell)*, 242 B.R. 541, 542-543 (Bankr. N.D. Ga. 1999), 1999 Bankr. LEXIS 1589, at *2-3.[1]

---

[1] The Court in *Homestead Partners* was referring to Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59(e), which deal with motions for new trials or to amend judgments. Trustee notes the same analysis is easily applied to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b), which deal with "Relief from Judgment or Order". The Court in *Hollowell* referred to all of these Rules.

4.

Debtor's Motion alleges no error of law or fact that would provide a sufficient basis for reconsideration of the dismissal based on the Federal Rules of Bankruptcy Procedure or Civil Procedure. Reasons provided in the Rules are:

1) Mistake, inadvertence, surprise, or excusable neglect;
2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4) The judgment is void;
5) The judgment has been satisfied, released or discharged [for several listed reasons not applicable here]
6) Any other reason that justifies relief.

Fed. R. Bankr. P. 9024; Fed. R. Civ. P. 60(b).

5.

Debtor's Motion was filed within fourteen (14) days after the dismissal of the case, as contemplated by BLR 9023-1. However, Trustee opposes the Motion because it does not address why Debtor's counsel did not fully address the Plan term problem, contact Trustee in anticipation of this Court's November 2, 2017 calendar, or appear at the calendar. Trustee also moves the Court to review Debtor's attorney's fees.

WHEREFORE, the Chapter 13 Trustee respectfully requests that the Court deny Debtor's Motion and for such other relief as the Court deems just and proper.

This 21st day of November, 2017.				Respectfully submitted,

							_____
							William A. Bozarth
							GA Bar No. 940530
							Attorney for Chapter 13 Trustee
							260 Peachtree Street, Suite 200
							Atlanta, Georgia 30303
							678-510-1444

Case 17-58772-lrc    Doc 30    Filed 11/21/17    Entered 11/21/17 14:46:55    Desc Main
Document    Page 4 of 5

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TONISHA SHONTA WATKINS,** | ) | CASE NO. **17-58772-LRC** |
| | ) | |
| DEBTOR. | ) | CHAPTER 13 |

This is to certify that I have this day served:

DEBTOR:

Tonisha Shonta Watkins
5480 Panola Downs Road
Lithonia, GA 30058

DEBTOR'S ATTORNEY:

Galler Law, LLC
P.O. Box 2118
Roswell, GA 30077

with a copy of the foregoing Chapter 13 Trustee's Response to Debtor's Motion by depositing in the United States Mail a copy of the same in a properly addressed envelope with adequate postage thereon.

This 21st day of November, 2017.

_____
William A. Bozarth
GA Bar No. 940530
Attorney for Chapter 13 Trustee
260 Peachtree Street, Suite 200
Atlanta, Georgia 30303
678-510-1444